IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THERESA HENDERSON, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 21-1551-CFC |
| MIDLAND CREDIT MANAGEMENT, et al., | : |
| Defendants. | : |

Theresa Henderson, Magnolia, Delaware.  Pro Se Plaintiff.

# MEMORANDUM OPINION

April 14, 2022
Wilmington, Delaware

**CONNOLLY, Chief Judge:**

Plaintiff Theresa Henderson appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4) She filed this action pursuant to the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. § 1692 and the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681. (D.I. 2) She has also filed a motion for an injunction. (D.I. 6) The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

### I. BACKGROUND

The following facts are taken from the Complaint and assumed to be true for screening purposes. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). Plaintiff alleges violations of the FDCPA and the FCRA. She alleges that Defendants have continuously engaged in harassment, that she has a protected ADA disability, and she has experienced great stress and mental anguish at the hands of Defendants. (D.I. 2 at 4) Plaintiff alleges that Defendants have chosen to use frivolous litigation as the tool of choice for harassment and they will not stop using the legal system to abuse her. (*Id.* at 4-5) The Complaint refers to ongoing litigation in the lower State courts, but it does not provide the case number or the court where the case is filed. The Complaint contains numerous allegations regarding the acts of Defendants but does not state when or where the acts occurred, other than to say they occurred within the last twelve months. (*Id.* at 7, 15-25) Finally, the Complaint refers to a number of documents, none of which are attached to the Complaint.

Plaintiff seeks injunctive relief as well as actual and statutory damages. (*Id.* at 26)

1

## II. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief can be granted pursuant to the screening provisions of 28 U.S.C. § 1915(e)(2)(B), the Court

2

must grant Plaintiff leave to amend the complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) assume the veracity of any well-pleaded factual allegations and then determine whether those allegations plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that

the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III.     DISCUSSION

While this Court construes *pro se* filings liberally, *Erickson*, 551 U.S. at 94, the Complaint fails to state claims upon which relief can be granted. It does not state when or where the alleged violations of the FDCPA and FCRA occurred, making it impossible for Defendants to adequately respond to the pleading. It repeatedly refers to harassing litigation but does not indicate where the alleged harassing case was filed and does not provide a case name or number of the harassing case.

In addition, Plaintiff's claims of violations of the FDCPA and FRCA are conclusory. *See Iqbal*, 556 U.S. at 678 (stating that a complaint will not suffice if it "offers [merely] 'labels and conclusions'" or "'naked assertion[s]' devoid of 'further factual enhancement'") (quoting *Twombly*, 550 U.S. at 555, 557). Merely recitation of an element of a cause of action or a bare conclusory statement is insufficient to state a claim. *See Iqbal*, 556 U.S. at 678. Because the Complaint does not meet the pleading requirements of *Iqbal* and *Twombly*, it will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff, however, will be given leave to file an amended complaint.

Finally, Plaintiff asks this Court to enjoin Defendants from using the lower courts to harass Plaintiff, but the relief requested would be impossible to grant given the paucity of facts alleged. (*See* D.I. 6) Therefore, the motion will be denied.

## IV. CONCLUSION

For the above reasons, the Court will: (1) deny the motion for an injunction (D.I. 6); and (2) dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff will be given leave to amend.

An appropriate Order will be entered.

5