IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THERESA HENDERSON, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 21-1551-CFC |
| MIDLAND CREDIT MANAGEMENT, et al., | : |
| Defendants. | : |

## MEMORANDUM ORDER

At Wilmington this 17th day of November, 2022,

IT IS HEREBY ORDERED that:

1. Plaintiff filed this action pursuant to the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 and the Fair Credit Reporting Act, 15 U.S.C. § 1681. (D.I. 2) On April 14, 2022, the Court screened the case pursuant to 28 U.S.C. § 1915(e)(2)(B), dismissed the Complaint, and gave Plaintiff leave amend. (D.I. 7, 8) An Amended Complaint was filed on July 28, 2022. (D.I. 13) At the same time, Plaintiff filed a motion for assistance of the Court to step Defendants' abuse of Plaintiff. (D.I. 14)

2. The Court dismissed the original complaint for failure to state claims upon which relief can be granted. (D.I. 7 at 5, 6) The Court observed that the original complaint did not state when or where the alleged violations of the FDCPA and FCRA occurred, making it impossible for Defendants to adequately respond to the pleading. (*Id.* at 5) It repeatedly referred to harassing litigation but did not indicate where the case was filed and did not provide a case name or number of the harassing case. (*Id.*) And, Plaintiff's claims of violations of the FDCPA and FRCA were conclusory. (*Id.*)

1

3.     The Court's Memorandum Opinion and Order provided Plaintiff a roadmap on how to correct the pleading deficiencies.  Unfortunately, her Amended Complaint does not cure them.  Like the original complaint, the Amended Complaint alleges that Defendants have chosen to use frivolous litigation as the tool of choice for harassment and they will not stop using the legal system to abuse her.  (D.I. 13 at ¶¶ 9, 18-22)  The Amended Complaint refers to ongoing litigation in the lower State courts, but it does not provide the case number or the court where the case is filed.  The Amended Complaint contains numerous allegations regarding the acts of Defendants but does not state when or where the acts occurred, other than to say they occurred within the last twelve months with the one exception that a credit card account was established in Plaintiff's name in 2019.  (*Id.* at ¶¶ 14, 18)  The Amended Complaint refers to a number of documents that apparently were used in the litigation at issue; none of which are attached to the Amended Complaint.  (*Id.* at ¶¶ 23-50).  And, throughout, the Amended Complaint refers to Defendant and Co-Defendants but in most instances does not identify the individual defendant against whom the allegations are alleged.

4.     The Amended Complaint lacks factual support to support these conclusory allegations and does not state cognizable claims.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that a complaint will not suffice if it "offers [merely] 'labels and conclusions'" or "'naked assertion[s]' devoid of 'further factual enhancement'") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007).  Indeed, merely reciting an element of a cause of action or making a bare conclusory statement is insufficient to state a claim.  *See Iqbal*, 556 U.S. at 678.   Like the original complaint, the Amended Complaint does not meet the pleading requirements of *Iqbal* and *Twombly*.

2

5. The Amended Complaint is DISMISSED for failure to state claims upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii). Plaintiff was given the opportunity to amend her complaint, yet there are still no factual allegations that state a cognizable claim. Further amendment would be futile.

6. Plaintiff's motion for assistance of the Court to stop Defendants' abuse is DENIED as moot. (D.I. 14)

7. The Clerk of Court is directed to CLOSE the case.

                                                      _____
                                                      Chief Judge